IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **EMMANUEL ADEYINKA**, | Case No. 3:23-cv-605-YY |
| Plaintiff, | **ORDER** |
| v. | |
| **KC CAR INC and ANDERSON + ASSOCIATES CREDIT SERVICES LLC**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on June 26, 2023. Judge You recommended that this Court dismiss this case for lack of subject matter jurisdiction.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Adeyinka originally asserted claims under the Second and Fourth Amendments to the U.S. Constitution. Judge You found that Adeyinka does not explain how either of these amendments give this Court jurisdiction over his case, and that Adeyinka's amended complaint fails to cure this defect. Adeyinka objects, but not to Judge You's specific findings and conclusion.[1] Instead, Adeyinka raises for the first time the Ninth Amendment, arguing that it applies because Defendants' conduct was unconstitutional. Even accepting Adeyinka's new argument and theory of the case,[2] his claim fails because the Ninth Amendment "has not been interpreted as independently securing any constitutional rights for purposes of making out a

---

[1] The Court thus reviews Judge You's Findings and Recommendation for clear error on the face of the record. No such error is apparent.

[2] It is within this Court's discretion whether to accept new evidence or argument submitted with objections. *See Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004) (discussing the district court's discretion to consider new arguments raised in objections).

PAGE 2 – ORDER

constitutional violation." *Schowengerdt v. United States*, 944 F.2d 483, 490 (9th Cir. 1991). Consequently, Adeyinka cannot state a cause of action that asserts independent rights under the Ninth Amendment. The Court further notes that it must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (noting that when a court lacks subject-matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, the court must dismiss the complaint, even *sua sponte* if necessary).

The Court ADOPTS Judge You's Findings and Recommendation, ECF 9, as supplemented herein to address Adeyinka's new argument. Because Adeyinka has failed to allege a claim that establishes the basis for subject matter jurisdiction, the Court DISMISSES Plaintiff Adeyinka's amended complaint, ECF 8, without prejudice.

The Court further finds that any appeal from this Order would be frivolous and thus would not be taken in "good faith" as that term is used in 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, Plaintiff's *in forma pauperis* status should be revoked.

**IT IS SO ORDERED.**

DATED this 1st day of August, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge